IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs April 2, 2019

**STATE OF TENNESSEE v. PATRICK BUMPUS**

**Appeal from the Circuit Court for Dyer County
Nos. 17-CR-243, 18-CR-06, 18-CR-07   R. Lee Moore, Jr., Judge**

_____

**No. W2018-01034-CCA-R3-CD**

_____

Defendant, Patrick Bumpus, appeals the trial court's denial of his motion to withdraw his guilty plea, alleging that he received ineffective assistance of counsel and that his guilty plea was unknowing and involuntary. The State concedes that the trial court erred by summarily denying the motion. We reverse the judgment of the trial court and remand the case for an evidentiary hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ALAN E. GLENN, J., joined.

Patrick L. Bumpus, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Danny H. Goodman, Jr., District Attorney General; and Karen Burns, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On August 14, 2017, Defendant was indicted in case number 17-CR-243 for one count of aggravated assault by strangulation. Trial counsel was appointed at Defendant's arraignment on August 21, 2017. On February 12, 2018, Defendant was indicted in case number 18-CR-06 for one count of aggravated burglary, one count of aggravated domestic assault, and one count of coercion of a witness. That same day, Defendant was indicted in case number 18-CR-07 for one count of aggravated domestic assault and two counts of aggravated assault. That same day, Defendant filed a pro se "Motion

Requesting New Attorney," alleging that he had received "ineffective counseling" due to trial counsel's failure to provide him with copies of his discovery despite numerous requests, failure to respond to phone calls and letters, failure to convey a plea offer from the State and "forcing" Defendant to set the case for trial, and failure to investigate the case and hire an investigator. Defendant's motion was denied by the trial court on February 20, 2018.

Defendant pled guilty on May 8, 2018, the day before case number 17-CR-243 was set for trial. In case number 17-CR-243, Defendant pled guilty to the reduced charge of domestic assault in exchange for a sentence of 11 months and 29 days "suspended to time served" with the remainder on supervised probation. In case number 18-CR-06, Defendant pled guilty to one count of aggravated burglary, one count of aggravated assault, and one count of coercion of a witness in exchange for concurrent, three-year sentences. In case number 18-CR-07, Defendant pled guilty to three counts of aggravated assault in exchange for concurrent three year sentences. The sentences in each of the three cases were ordered to be served consecutively to each other for a total effective sentence of six years, 11 months, and 29 days, with six years to be served in the Department of Correction.

On May 14, 2018, Defendant filed a pro se "Motion to Appeal Best Interest Plea Agreement," asserting that due to various alleged deficiencies of trial counsel, "Defendant [had] no choice, but to plea out in open court, or be misrepresented in tr[ia]l." On May 16, 2018, the trial court denied the motion, stating that "[a]ny appeal of this judgment must be directed to the Court of Criminal Appeals." On June 4, 2018, Defendant filed a pro se "Motion to Withdraw Plea Agreement" in the trial court, raising the exact same claims as his prior motion.[1] On June 6, 2018, the trial court entered an order denying Defendant's motion without a hearing. The trial court noted that Defendant raised "seven or eight things which appear to be claims for ineffective assistance of counsel" but stated that "[t]he [c]ourt cannot convert his Motion to

---

[1] The handwritten motions appear to be exact duplicates of each other with Defendant simply drafting a new first page containing the heading for the "Motion to Withdraw" and correcting the date on the certificate of service from "the 9th day of May" to "the 19th day of May." The same day Defendant filed his "Motion to Withdraw" in the trial court, he filed in this Court his notice of appeal from the trial court's order on his "Motion to Appeal." Because of the extreme similarity between the two motions, we consider both of the trial court's orders in our resolution of this matter even though the order denying the "Motion to Withdraw" was filed two days after Defendant filed his notice of appeal with this Court. *See* Tenn. R. App. P. 4(d) (addressing premature notices of appeal); *see also State v. Philip Michael Patterson*, No. E2007-02788-CCA-R3-CD, 2010 WL 4540065, at *4 (Tenn. Crim. App. Nov. 10, 2010) (stating that a pro se notice of appeal should have been construed as a motion to withdraw guilty plea as well as a prematurely filed notice of appeal due to the defendant's allegations therein that he did not knowingly enter his plea), *no perm. app. filed*.

Withdraw his plea agreement to a Petition for Ineffective Assistance of Counsel." The trial court found that Defendant entered his plea knowingly and voluntarily.[2]

On appeal, Defendant again asserts various grounds of ineffective assistance of counsel, including the failure to file a motion to suppress, failure to investigate, and failure to provide Defendant with a copy of the discovery, as well as an allegation that his guilty plea was not knowing and voluntary. The State responds that due to Defendant's allegations of ineffective assistance of counsel, Defendant was entitled to a hearing on his motion to withdraw his guilty plea and that this matter should be remanded to the trial court. We agree with the State.

"A defendant does not have a unilateral right to withdraw a plea." *State v. Crowe*, 168 S.W.3d 731, 740 (Tenn. 2005) (citing *State v. Mellon*, 118 S.W.3d 340, 345 (Tenn. 2003)). However, after the imposition of the sentence but before the judgment becomes final, Tennessee Rule of Criminal Procedure 32(f)(2) allows a court to set aside a guilty plea "to correct manifest injustice." *See State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (holding that a judgment of conviction becomes final 30 days after entry of the guilty plea). Rule 32(f) does not define "manifest injustice," which must be determined by trial and appellate courts on a case-by-case basis. *State v. Turner*, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995). The defendant has the burden of establishing that a guilty plea should be withdrawn to prevent manifest injustice. *Id*.

In this case, we cannot reach the merits of Defendant's claim because the trial court denied him the opportunity to present any evidence and testimony to support his allegations. This Court has previously held that where a defendant raises allegations of ineffective assistance of counsel in a motion to withdraw his guilty plea, the trial court errs by summarily denying the motion without an evidentiary hearing. *State v. Gregory Darnell Valentine*, No. M2010-02356-CCA-R3-CD, 2012 WL 3263117, at *2 (Tenn. Crim. App. Aug. 10, 2012) (citing *State v. Jerry Louis Fitzgerald, Jr.*, No. W2009-02520-CCA-R3-CD, 2010 Tenn. Crim. App. LEXIS 703 (Tenn. Crim. App. at Jackson, Aug. 20, 2010), *no perm. app. filed*), *no perm. app. filed*. Allegations of constitutional violations, such as ineffective assistance of counsel or an involuntary guilty plea, may be appropriately addressed pursuant to a timely motion to withdraw a guilty plea because a violation of a constitutional right creates a manifest injustice as a matter of law. *See Crowe*, 168 S.W.3d at 742-43. However, addressing Defendant's claims does not require converting his motion to withdraw his guilty plea into a petition for post-conviction relief because "[t]he concept of manifest injustice under Rule 32(f) is not identical to the

---

[2] On June 12, 2018, Defendant filed a "Motion Requesting Suspended Sentence," which was denied by the trial court on June 22, 2018. The trial court's order also references a "Petition for Relief from Conviction or Sentence" that was filed on June 13, 2018, and that "will be handled in a separate order." However, neither the petition nor the order is in the record on appeal. Thus, it is unclear what the basis of that petition was or whether that matter is still pending in the trial court.

requirements of constitutional due process" under post-conviction. *State v. Antonio Demonte Lyons*, No. 01C01-9508-CR-00263, 1997 WL 469501, at \*7 (Tenn. Crim. App. Aug. 15, 1997) (holding that it was, in fact, error for the trial court to do so); *accord David Wayne Hearing v. State*, No. E2006-00362-CCA-R3-PC, 2006 WL 3813625, at \*1 (Tenn. Crim. App. Dec. 28, 2006), *no perm. app. filed*; *cf. James L. Lessenberry v. State*, No. W2010-01549-CCA-R3-PC, 2011 WL 13165163, at \*10 (Tenn. Crim. App. Oct. 10, 2011) (noting the differences in the procedural postures of a motion to withdraw a guilty plea and a petition for post-conviction relief), *no perm. app. filed*. Indeed, "although there may be considerable overlap between the standards, manifest injustice allows a trial judge greater latitude than the constitutional requirements" and "is more inclusive and less stringent than constitutional abridgement." *Antonio Demonte Lyons*, 1997 WL 469501, at \*7-8.

The trial court in this case erred by concluding that it could not address Defendant's claims of ineffective assistance of counsel under a motion to withdraw his guilty plea. Because Defendant's allegations of ineffective assistance of counsel, if true, may justify a finding of manifest injustice, we must reverse the judgment of the trial court summarily denying the motion and remand this case for an evidentiary hearing.

_____
TIMOTHY L. EASTER, JUDGE